IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-CR-141-TAV-DCP |
| CLARENCE LEE MCDOWELL, | ) ) ) |
| Defendant. | ) ) ) |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Petition[1] [Doc. 58] and Amended Petition[2] [Doc. 66] by Clifford M. Reynolds ("Petitioner"), who claims a third-party interest in property subject to forfeiture, and on the United States' Motion to Dismiss the Third-Party Petition [Doc. 67]. United States District Judge Thomas A. Varlan referred the issue of Petitioner's interest to the undersigned for disposition or recommendation, as appropriate [Doc. 61]. *See* 28 U.S.C. § 636(b). Petitioner asserts he is heir to one-half interest in 9925 Bluegrass Road, Knoxville, Tennessee ("the Bluegrass property"), requests a hearing on his interest in the property, and "stake[s his] claim" to one-half of the proceeds from the sale of the property [Docs. 58, 66, & 69]. The Government asks the Court to dismiss Petitioner's third-party claim without a hearing

---

[1] On October 12, 2023, the Court received a letter from Clifford M. Reynolds to District Judge Varlan, requesting a hearing on his interest in property located at 9925 Bluegrass Road, Knoxville, Tennessee. This letter was docketed as a third-party motion for a forfeiture hearing [Doc. 58]. The Court refers to Mr. Reynold's initial letter as the Petition.

[2] The undersigned ordered Mr. Reynolds to amend the Petition to bring it into compliance with the requirements of 21 U.S.C. § 853(n)(3) [Doc. 63]. On November 20, 2023, Mr. Reynolds filed an identical letter [Doc. 66], attaching a power of attorney [Doc. 66-1], three death certificates and a birth certificate [Doc. 66-2], and a second letter to the Court again requesting a hearing and describing the attachments [Doc. 66-3]. The Court refers to this second filing with attachments as the Amended Petition.

because Petitioner failed to comply with the pleading requirements of 21 U.S.C. § 853(n) and has no interest in the property as a matter of law [Doc. 67].

After review of the parties' filings and attachments and the relevant law, the undersigned finds the Amended Petition fails to comply with the statutory pleading requirements or to state a legal claim to the property and should be dismissed without a hearing.

I.  BACKGROUND

Defendant Clarence McDowell was convicted of owning an illegal gambling operation and conspiracy to commit money laundering [Doc. 39]. On September 28, 2016, District Judge Varlan entered a Final Order of Forfeiture in this case, providing for a money judgment of $5,000,000 against Defendant McDowell [Doc. 48 p. 5]. This Order states that the Court retains jurisdiction to enforce the Order or amend it as necessary [*Id*. at 8]. On September 13, 2023, the District Judge entered a Preliminary Order of Forfeiture for Substitute Property, amending the Final Order of Forfeiture to include the Bluegrass property as substitute property and providing time for any third-party petitioners to assert an interest in the property [Doc. 56 pp. 2–4]. The Preliminary Order states that a third-party petition asserting an interest in the property "shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the property and any additional facts supporting the petitioner's claim and the relief sought" [*Id*. at 4]. *See* 21 U.S.C. § 853(n)(3) (providing the requirements for a third-party petition).

On October 12, 2023, the Court received a letter (the Petition) from the Petitioner to District Judge Varlan, requesting a hearing on his interest in the Bluegrass property [Doc. 58]. Petitioner states that he is the nephew and "only surviving heir of Clifton Lynn Reynolds" and

that he can provide proof that he is related to Clifton Reynolds, if necessary [*Id*.]. Petitioner claims a right to one half of the proceeds of the sale of the Bluegrass property [*Id*.].

The undersigned ordered Petitioner to amend the Petition to bring it into compliance with § 853(n) by stating the time and circumstances of his acquisition of the right, title, and interest in the Bluegrass property and any additional facts or documents supporting his claim and by signing the petition under penalty of perjury [Doc. 63 p. 2]. On November 20, Petitioner timely filed the Amended Petition [Doc. 66], which is a duplicate of the original Petition. Petitioner attaches the following documents to the Amended Petition:

> (1) The General Power of Attorney of John W. Reynolds, dated March 17, 2015, which names Petitioner as John Reynolds's agent and gives Petitioner "full power and authority to act on his behalf" [Doc. 66-1];
>
> (2) The death certificate of Annie R. Reynolds, who died on April 10, 1992 [Doc. 66-2 p. 1, SEALED];
>
> (3) The death certificate of Clifton Lynn Reynolds, who died on June 7, 2008 [*Id*. at 2];[3]
>
> (4) The death certificate of John W. Reynolds, who died on April 25, 2015 [*Id*. at 3];[4] and
>
> (5) The Petitioner's birth certificate, stating Petitioner is the son of John William Reynolds and Lois Louise Harris, who has seven other children [*Id*. at 4].

---

[3] John W. Reynolds, brother of the deceased, is listed as the "Informant" on Clifton Reynolds's death certificate [Doc. 66-2 p. 2, SEALED].

[4] Robbie Thomas Reynolds is listed as the "Surviving Spouse" and "Informant" on John Reynolds's death certificate [Doc. 66-2 p.3, SEALED].

3

Petitioner also includes a letter to the Court, providing additional information about the attachments [Doc. 66-3].[5] Petitioner states his uncle Clifton Lynn Reynolds and wife Annie Reynolds had "[n]o children separate[ly] or together" [*Id*.]. Petitioner relates that his father John W. Reynolds was Clifton Reynolds's only surviving heir at the time of Clifton Reynolds's death [*Id*.].

On December 4, 2023, the Government filed a Motion to Dismiss the Third-Party Petition [Doc. 67] in response to the Amended Petition. The Government argues that the Court need not have a hearing on the merits of the third-party claim if it can dispose of the pleading as a matter of law [*Id*. at 4]. It contends that dismissal is proper because Petitioner fails to demonstrate his standing to claim an interest in the Bluegrass property [*Id*. at 4–5]. Specifically, it contends that the Amended Petition fails to meet the requirements of § 853(n), which requires a petition to be signed under penalty of perjury and to articulate the time and circumstance that petitioner acquired an interest in the property [*Id*. at 5–7]. The Government also argues for dismissal because the Petitioner lacks a valid interest in the property [*Id*. at 6–8]. It maintains that Clifton Reynolds and Defendant Clarence McDowell had a business partnership, L & C Properties, that the Bluegrass property was owned by the partnership, and that under Tennessee law, Clifton Reynolds's interest in the Bluegrass property passed to the surviving partner, Defendant McDowell, upon his death [*Id*. at 6–8]. Finally, the Government argues that Petitioner has done nothing to assert his alleged interest in the Bluegrass property since Clifton Reynolds's death in 2008 [*Id*. at 7, 9]. In this regard, it attaches the Knox County property tax

---

[5] Petitioner may have intended the attached letter as the Amended Petition because in the letter, Petitioner states that he includes "a copy of the initial signed request" [Doc. 66-3]. Neither the letter nor the duplicate Petition are signed under penalty of perjury [Docs. 66 & 66-3]. The letter does not assert a claim to the Bluegrass property [*See* Doc. 66-3]. Accordingly, the Court treats the duplicate Petition [Doc. 66] and all attached documents, including the letter [Doc. 66-3], as the Amended Petition.

4

records for the Bluegrass property from 2017 to the present, which it asserts show Petitioner has not paid the taxes on the property despite his claim to have inherited it [*Id*. at 9; Doc. 67-1].[6]

Petitioner responded to the Government's motion on December 21, 2023 [Doc. 69]. He asserts that he "signed each petition" that he sent to the Court [*Id*.]. Petitioner denies "any partnership of [the Bluegrass] property" [*Id*.]. Instead, he argues that "under TN Law property heirs do not legally have to produce a title or deed to claim bloodline property" [*Id*.]. Petitioner contends that under the Fifth Amendment, the Government must provide just compensation for his interest in the property, that he is not involved in Defendant McDowell's debt to the Government, and the taxes due on the property are a county issue, not a federal one [*Id*.]. Accordingly, Petitioner asks the Court to recognize his interest in the Bluegrass property [*Id*.].

For the reasons discussed below, the undersigned finds that the Amended Petition can be dismissed without a hearing.

## II. ANALYSIS

The criminal forfeiture statute permits a third party "asserting a legal interest in property which has been ordered forfeited to the United States" to petition the court for a hearing to determine "the validity of [the petitioner's] alleged interest in the property." 21 U.S.C. § 853(n)(2). Here, the Court has ordered the Bluegrass property to be forfeited to the United States, and Petitioner asserts a legal, third-party interest in the property. The statute directs the Court to hold a hearing on the petition to allow the parties to present evidence and witnesses. 21 U.S.C. § 853(n)(5). "The petitioner ultimately bears the burden of establishing the petitioner's third-party claim by a preponderance of the evidence[.]" *United States v. Salti*, 579 F.3d 656, 661 (6th Cir. 2009) (citing 18 U.S.C. § 854(n)(6)).

---

[6] The Property Tax Notice was sent to "Reynolds Clifton Lynn & McDowell Clarence L. D/B/A L & C Properties" [Doc. 67-1].

5

Petitioner requests a hearing for the Court to determine his interest in the Bluegrass property. However, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A); *Salti*, 579 F.3d at 662. Here, the Government asks the Court to dismiss the Amended Petition without a hearing because Petitioner lacks standing and fails to state a valid claim to the property. The Court evaluates each of these contentions, taking the facts alleged in the Amended Petition as true. *See* Fed. R. Crim. P. 32.2(c)(1)(A) (providing that "[f]or purposes of the motion [to dismiss the petition], the facts set forth in the petition are assumed to be true").

### A. Standing

The Government argues that Petitioner lacks standing to assert his third-party claim because the Amended Petition fails to meet the requirements of § 853(n)(3). The criminal forfeiture statute requires "[t]he petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). The Government asserts that the Amended Petition must be dismissed because Petitioner did not sign the Amended Petition under penalty of perjury, nor did he state the time or circumstances of his acquisition of his interest in the property. The Court agrees.

### 1. Attestation

Petitioner failed to properly attest that his Amended Petition is true by signing it under penalty of perjury. Section 853(n)(3) mandates that a third-party petition be signed under penalty of perjury. "'Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture

6

proceedings.'" *United States v. Porter*, No. 3:19-CR-150-TAV-DCP-2, 2021 WL 5989033, at *2 (E.D. Tenn. Dec. 1, 2021) (quoting *United States v. Carvajal*, No. 3:15-cr-56, 2016 WL 7191687, at *1 (E.D. Tenn. Dec. 12, 2016) (internal quote omitted)), *report & recommendation adopted by* 2021 WL 5988423 (E.D. Tenn. Dec. 17, 2021). Requiring a signature under penalty of perjury "is no mere formality" because of this "substantial danger of false claims[.]" *United States v. Speed Joyeros, S.A.*, 410 F. Supp. 2d 121, 124 (E.D.N.Y. 2006) (internal quotation omitted).

Petitioner argues that he signed both the Petition and the Amended Petition. However, signing a document is not the same as signing under penalty of perjury. *See Porter*, 2021 WL 5989033, at *2 (finding the petition "insufficient on its face" because it was not signed under penalty of perjury); *see also United States v. Whitworth*, No. 3:17-cr-00198, 2020 WL 2297024, at *2 (M.D. Tenn. Apr. 6, 2020) (collecting cases dismissing petition for failure to sign under penalty of perjury), *report & recommendation adopted by* 2020 WL 2218861 (M.D. Tenn. May 7, 2020); *Burge*, 829 F. Supp. 2d at 667 (dismissing petition because although signed by counsel, it was not signed by petitioner "*and* there was no certification that the information was submitted under penalty of perjury" (emphasis added)).

Here, Petitioner is not represented by counsel. However, the undersigned previously pointed out that the original Petition did not meet the requirements of § 853(n)(3), including that it was not signed under penalty of perjury, and gave Petitioner an opportunity to correct this deficiency [Doc. 63]. Petitioner did not avail himself of that opportunity but, instead, submitted a duplicate of the Petition and did not sign any part of the Amended Petition under penalty of perjury. *Whitworth*, 2020 WL 2297024, at *2 (determining petitioner's "pro se status does not excuse his lack of compliance with the 'signed under penalty of perjury'" requirement because

7

the government's notice clearly stated this requirement). Accordingly, Petitioner's third-party claim should be dismissed for this reason alone. *United States v. Chang*, No. 19-mc-51797, 2020 WL 1083777, at *3 (E.D. Mich. Mar. 6, 2020) (holding petitioners' failure to sign petitions under penalty of perjury "alone warrants dismissal of these petitions without a hearing").

### 2. Acquisition of Interest

The Amended Petition also fails to meet the requirements of § 853(n)(3) in its description of Petitioner's interest in the property. Petitioner states the nature of his interest in the Bluegrass property is that he is the "only surviving heir of Clifton Lynn Reynolds" [Doc. 66]. Neither the Amended Petition, nor any of the attached documents, relate Clifton Reynolds's interest in the property [*See id.*; Doc. 66-1; Doc. 66-2; Doc. 66-3]. However, the Preliminary Order of Forfeiture comes to Petitioner's aid, stating that the Bluegrass property "was deeded to Clifton Lynn Reynolds and Clarence L. McDowell, d/b/a L&C Properties, a partnership, on August 7, 1992" [Doc. 56 p. 2]. Thus, Petitioner seemingly asserts an interest in the Bluegrass property by virtue of inheritance from his uncle Clifton Reynolds.

Petitioner does not relate the "time and circumstances" that Petitioner acquired *his* interest in the property from Clifton Reynolds. *See Whitworth*, 2020 WL 2297024, at *3 (dismissing petition without a hearing due to petitioner's failure to state the time and circumstances of his acquisition of a pistol, despite petitioner's allegation that he had purchased and registered the pistol); *United States v. Reznick*, No. 19-51178, 2019 WL 6496571, at *2 (E.D. Mich. Dec. 3, 2019); *see also United States v. Fabian*, 764 F.3d 636, (6th Cir. 2014) (dismissing petition due to assertion of "conclusory legal interest" in real property and failure to state the nature, extent of the interest or the time and circumstances under which the interest was acquired). This is important because, taking as true Petitioner's claim that he is currently the

8

only surviving heir of Clifton Reynolds, he was not the only surviving heir at the time of Clifton Reynolds's death in 2008 when Clifton Reynolds's brother (Petitioner's father) was still alive.[7] Nor does the Petition state whether Clifton Reynolds or John Reynolds died with a will or intestate or whether Petitioner is the only surviving heir of John Reynolds.[8] Finally, and most significantly, as discussed in part B. below, the Amended Petition fails to address the fact that that Clifton Reynolds owned the property as a partner in L & C Properties. All these missing facts are part of the circumstances of Petitioner's acquisition of his interest in the property.

Courts have rejected similar conclusory third-party claims. In *Reznick*, the petitioner provided a single sentence describing his interest in five firearms forfeited by his father: "'I am an innocent owner of the subject property and received the aforementioned property as a gift from my father, Robert Reznick.'" 2019 WL 6496571, at *2. The court found this "conclusory statement" insufficient to establish petitioner's interest in the property, observing "[p]etitioner does not explain when he received the firearms, why his father gifted him the firearms, or any other facts supporting his claim as is required by 21 U.S.C. § 853(n)(2)–(3)." *Id*. Like in *Reznick*, the Amended Petition should be dismissed without a hearing due to the absence of any statement of the time and circumstances of Petitioner's acquisition of an interest in the property. *See also Chang*, 2020 WL 1083777, at *3 (dismissing the third-party petitions because they "assert only a conclusory legal interest in the financial accounts at issue" and "failed to meet the pleading requirements under § 853 for third-party petitions").

---

[7] In the letter attached to the Amended petition, Petitioner states that at the time of Clifton Reynolds's death, Petitioner's father John Reynolds was Clifton Reynolds's "only surviving heir" [Doc. 66-3].

[8] John Reynolds's death certificate shows that he was survived by his wife [Doc. 66-2 p. 3, SEALED]. Moreover, Petitioner's birth certificate shows that he had seven siblings [*Id*. at 4].

9

In summary, the Amended Petition should be dismissed because it fails to meet the requirements of § 853(n)(3) that it be signed under penalty of perjury and state the time and circumstances under which Petitioner acquired his asserted legal interest in the Bluegrass property.

### B. Failure to State a Claim

The Government also calls for dismissal of the Amended Petition because Petitioner fails to state a valid claim to the Bluegrass property. It argues that as a matter of law, Clifton Reynolds's interest in the Bluegrass property passed to his business partner Defendant McDowell upon his death, rather than to his relations. Thus, the Government argues that Petitioner's conclusory statement that he is an heir, even if true, does not assert an interest in the property.

Before turning to the Government's argument, the Court notes that third-party "[c]laimants are entitled to reclaim forfeited property on only two grounds: (1) if the claimant's interest in forfeitable property 'vested in the [claimant] rather than the defendant or was superior to' the defendant's interest in the property 'at the time of the commission of the acts which gave rise to the forfeiture'; or (2) if the claimant was a 'bona fide purchaser for value . . . and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture.'" *United States v. Carman*, No. 20-6103, 2022 WL 2236133, at *1 (6th Cir. June 22, 2022) (citing 21 U.S.C. § 853(n)(6)(A), (B) & *Fabian*, 764 F.3d at 638). To prevail on the first ground, the claimant must show that his or "her interest 'is vested or is superior to that of the criminal owner.'" *Id*. (quoting *United States v. Campos*, 859 F.2d 1233, 1239 (6th Cir. 1988)). The claimant must also "skirt the 'relation-back' clause in § 853(c), which provides that '[a]ll right, title, and interest in [tainted property] vests in the United States upon the commission of

the act giving rise to forfeiture.'" *Id*. (quoting 21 U.S.C. § 853(c)). Here, Defendant McDowell conducted an illegal gambling business and laundered the proceeds therefrom between January 2009 and June 8, 2015 [*See* Doc. 11, Amended Plea Agreement pp. 4–5]. Thus, Petitioner's interest in the Bluegrass property must have "vested" or have been superior to Defendant McDowell's before January 2009.[9]

The Government argues that Petitioner's interest is not superior to Defendant McDowell's because at the time of Clifton Reynolds's death in 2008, Clifton Reynolds's interest in the Bluegrass property passed to his surviving partner Defendant McDowell, not to his heirs. This issue is determined by looking to Tennessee law. *Salti*, 579 F.3d at 668 (holding the court examines "'the law of the jurisdiction that created the property right to determine the petitioner's legal interest.'" (citation omitted)).

"Property transferred to or otherwise acquired by a partnership is property of the partnership and not of the partners individually." Tenn. Code Ann. § 61-1-203. "Property is partnership property if acquired in the name of . . . [t]he partnership[.]" Tenn. Code Ann. § 61-1-204(a)(1). "Property is acquired in the name of the partnership by a transfer to: (1) The partnership in its name; or (2) one (1) or more partners in their capacity as partners in the partnership, if the name of the partnership is indicated in the instrument transferring title to the property." Tenn. Code Ann. § 61-1-204(b). The comments to this section state that it covers

---

[9] The Government argues that Petitioner's status as Clifton Reynolds's heir does not afford him standing because an heir's interest in property does not vest until the property is distributed [Doc. 67 p. 10 (citing *United States v. 12636 Sunset Ave.*, 991 F. Supp. 2d 709, 711–12 (D. Md 2014)]. Under Tennessee law, interest in real property vests in the heir immediately upon the death of the decedent when the decedent dies intestate. Tenn. Code Ann. § 31-2-103; *see generally* Tenn. Code Ann. § 31-2-104 (providing that an "heir" under the intestacy statue would refer first to a surviving spouse and any children, then to parents, then to the decedent's siblings, and finally to the children of the decedent's siblings). However, as explained above, because the Bluegrass property was owned by a partnership, L & C Properties, it is treated as personal property, rather than real property and, thus, an interest did not vest in Clifton Reynolds's heirs.

11

both personal and "real property acquired in the name of the partnership[.]" Tenn. Code Ann. § 61-1-204(a)–(b) cmt. 2.

Under Tennessee law, real property purchased by a partnership is considered personalty and must be distributed as personalty upon a partner's death. *Cultra v. Cultra*, 221 S.W.2d 533, 535 (Tenn. 1949). "[W]hen a partnership once acquires real estate, . . . it then becomes personalty for all purposes and can be conveyed according to the terms of the [Uniform Partnership] Act as other partnership property." *Id.*; *see also Brown v. Brown*, 320 S.W.2d 721, 730 (Tenn. Ct. App. 1958) (holding that real property acquired by a partnership is "treated as an asset" of the partnership, without regard to whether or how the partnership used the property). Under the Uniform Partnership Act, "[t]he title to the firm realty vests in the surviving partner and, if there is none, in the personal representative of the deceased partner" and "a partner's interest in specific partnership property is not subject to dower, curtesy, or allowance to the next of kin[.]" *Cultra*, 221 S.W.2d at 535.

Although "Tennessee's version of the Uniform Partnership Act of 1914," upon which *Cultra* relies, "was repealed effective January 1, 2002 by the Tennessee General Assembly's enactment of the Uniform Partnership Act of 1997[,]" the new statute provides that "property is partnership property if it is acquired in the partnership's name." *Leckrone v. Walker*, No. M1998-00974-COA-R3-CV, 2002 WL 773147, at *3 n.6 (Tenn. Ct. App. Apr. 30, 2002) (quoting Tenn. Code Ann. § 61-1-204(a)(1)). *Cultra*'s holding is consistent with Tenn. Code Ann. § 61-1-501, which provides that "[p]artnership property is owned by the partnership as an entity. A partner is not a co-owner of partnership property and has no interest in partnership property which can be transferred, either voluntarily or involuntarily." Thus, a "partner's

12

spouse, heirs, or next of kin are not entitled to allowances or other rights in partnership property." Tenn. Code Ann. 61-1-501 cmt.

Here, according to the statement in the Preliminary Order of Forfeiture, the Bluegrass property was deeded to Clifton Reynolds and Defendant McDowell doing business as L & C Properties, a partnership. Because the name of the partnership is stated in the deed, the Bluegrass property was acquired by the partnership and is the property of L & C Properties. *See* Tenn. Code Ann. § 61-1-204(b)(2). Under Tennessee law and the facts as pled and stated in the record, upon Clifton Reynolds's death, the Bluegrass property passed to his surviving partner, Defendant McDowell and did not pass through the inheritance laws to Clifton Reynolds's descendants.

In response to the Government's legal argument, Petitioner contends that "there has never been any partnership of said property" [Doc. 69]. The Court cannot consider additional facts alleged in Petitioner's response to the Motion to Dismiss, only those alleged in the Amended Petition. *Reznick*, 2019 WL 6496571, at *2 (determining that a petitioner cannot cure a deficiency in the petition by alleging additional facts in his response to the motion to dismiss the petition because "[a] motion to dismiss must be decided based on evidence in the initial complaint"); *see also Campos*, 859 F.2d at 1239 (observing that a third-party claimant "must make at least a prima facie showing of a 'vested' or a 'superior' interest"). Moreover, Petitioner's unsupported assertion is countered by the summary of the deed in the Preliminary Order of Forfeiture and the Knox County Property Tax Notice for the Bluegrass property, which lists Clifton Reynolds and Defendant McDowell in their capacity as L & C Properties as liable for the property taxes. *See Brown*, 320 S.W.2d at 729 ("[W]here the property stands in the name of the partnership, and without any further showing, it cannot be presumed that it was not, in

13

fact, partnership property, and that the burden of showing that it was owned in a different manner from that shown by the record title, is on those who assert such a proposition.").

In summary, Petitioner's claim to an interest in the Bluegrass property fails as a matter of law because Petitioner's uncle's interest in the property was that of the partnership and remained with the partnership upon the uncle's death, rather than passing to his heirs. Defendant's conclusory argument that the partnership did not exist or that it did not own the property is not alleged in the Amended Petition and is contradicted by the record before the Court. *See Reznick*, 2019 WL 6496571, at *1 (observing a third-party petition "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' and 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)); *see also Carman*, 2022 WL 2236133, at *4 (finding the petitioner made "absolutely no effort . . . to explain how her partial interests vested in her or were superior to [defendant]'s interests under the governing state's law" in either her petition or her brief). Taking the facts alleged in the Amended Petition as true, Petitioner's claim that he inherited an interest in the property from his uncle fails as a matter of law.

## III.    CONCLUSION

After carefully considering the parties' filings and arguments, as well as the applicable law, the undersigned respectfully **RECOMMENDS** that the United States' Motion to Dismiss the Third-Party Petition [**Doc. 67**] be **granted** and that the Petition [**Doc. 58**] and Amended Petition [**Doc. 66**] be **dismissed without a hearing**.[10]  The Clerk of Court is **DIRECTED** to

---

[10]    Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time

14

mail a copy of this Report and Recommendation to the Petitioner at the address listed on his Amended Petition [Doc. 66].

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).