IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 3:15-CR-141-TAV-DCP |
| | ) | 3:15-CR-90-TAV-DCP |
| CLARENCE LEE MCDOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned on Defendant Clarence McDowell's pro se request seeking the appointment of counsel [Doc. 82; No. 3:15-CR-90, Doc. 55][1] and order of referral by the District Judge [Doc. 84; No. 315-CR-90, Doc. 56]. 28 U.S.C. § 636(b).[2] The Government filed a response [Doc. 83], and this matter is ripe for adjudication. *See* E.D Tenn. L.R. 7.1(a).[3]

By way of background, following entry of the Judgment of conviction [Doc. 39], the District Judge entered an Order of Forfeiture on July 12, 2016, providing for the forfeiture of any property real or personal, involved in the offense of 18 U.S.C. § 1956(h), and any property traceable to such property, including a money judgment of $5,000,000 against Defendant [Doc. 43]. The Final Order of Forfeiture ("Final Order"), entered September 28, 2016, includes the forfeiture of certain properties [Doc. 48 pp. 6–8], and states that the Court retains jurisdiction to

1 Defendant filed his pro se request in this case and in *United States v. McDowell*, No. 3:15-CR-90 [Doc. 55]. All citations are to Case No. 3:15-CR-141, unless otherwise noted.

2 A magistrate judge may make a recommended disposition on "applications for post[-]trial relief by individuals convicted of criminal offenses[.]" 28 U.S.C. § 636(b)(1)(B).

3 On July 9, 2026, Defendant filed a "follow-up" letter to his January 29, 2026 requests stating that he is still interested in selling 2801 Johnson Street to DeMarcus Dixon [Doc. 85; No. 3:15-CR-90, Doc. 57]. To the extent that this letter is intended as a reply to the Government's response in case number 3:15-CR-141, it is untimely. *See* E.D. Tenn. L.R.7.1(a).

enforce the Order or amend it as necessary [*id*. at 8]. On September 13, 2023, the District Judge entered a Preliminary Order of Forfeiture for Substitute Property, amending the Final Order to include 9925 Bluegrass Road, Knox County, Tennessee ("the Bluegrass property") as substitute property and providing time for any third-party petitioners to assert an interest in the property [Doc. 56 pp. 2–4]. Relatedly, Defendant filed a pro se motion requesting appointment of counsel to represent him in the forfeiture of the Bluegrass property [Doc. 57 p. 1], which was granted by Order dated November 17, 2023 [Doc. 65].[4] Later, on April 2, 2024, the District Judge entered a second Preliminary Order of Forfeiture [for] Substitute Property, adding the following substitute property: 3923 Martin Luther King Jr. Avenue, Knoxville, Tennessee, 2553 Moss Creek Road, Knoxville, Tennessee, and 2801 Johnston Street, Knoxville, Tennessee [Doc. 72]. On June 6, 2024, the Government filed Notices of Forfeiture as to the Bluegrass property [Doc. 75] and as to the 2801 Johnston Street property [Doc. 76].[5]

Now, Defendant requests appointment of counsel to "defend [his] position in this matter" with respect to 2801 Johnston Street ("Subject Property") [Doc. 82 p. 1]. In his motion, Defendant notes that he has successfully sold the Bluegrass property for $135,000 and a second property for $125,000, for which the Government has received 50% of the sales [*Id.*]. With regard to the Subject Property, Defendant states that in 2019, he was advised by Agent Richard Nelson with the IRS that he could sell the property, and on January 19, 2019, he entered into a contract to sell the Subject Property to DeMarcus Dixson ("Mr. Dixson") [*Id.*]. He explains that the closing did not

---

[4] At that time, the Court found that Defendant was financially unable to obtain counsel, *see* 18 U.S.C. § 3006A(a), and that the matter of whether the Government could forfeit the Bluegrass property as substitute property was a collateral matter appropriate to the proceedings as it related to the Final Order in his criminal case [Doc. 65 p. 2]. That is not the issue before the Court as it relates to the Subject Property.

[5] The Notice of Forfeiture for the Subject Property includes other properties that are not a part of Defendant's request [*See* Doc. 76].

occur due to the lien but that he "verbally agreed to extend the contract with a lease option until it could be closed" and he agreed to give Mr. Dixson possession of the Subject Property with the hope he would get a release from the Government to sell it [*Id.*]. Defendant further explains that in late summer 2025, Government's counsel contacted him to discuss the sale of the Subject Property, at which time, he advised that "[he] already had a buyer for the property whom [he] had attempted to sell it to in 2019" [*Id.*]. Noting that Mr. Dixson had made improvements to the Subject Property since 2019, the parties acknowledged that the property value had increased [*Id.* at 2]. This led to the Government obtaining an appraisal for the Subject Property, which assessed the fair market value at $105,000 [*Id.*]. On December 13, 2025, Defendant states that he and Mr. Dixson signed a purchase agreement for $105,000 with a December 29, 2025 closing date [*Id.*]. The closing date was later changed to January 5, 2026, and then to February 2, 2026, but Defendant states that Government's counsel did not agree with extending the date of closing and advised that the property had been assigned to a property management group [*Id.*]. Defendant seeks counsel to assist him in "petition[ing] the court to let this sale be completed at the purchase price of $105,000 with the [Government] receiving 50% of the sales price" [*Id.*].

The Government responds noting that the Subject Property has already been forfeited pursuant to the April 2, 2024 Preliminary Order of Forfeiture [Doc. 83 p.1] and that "there is no Sixth Amendment right to the appointment of counsel to oppose an order to forfeit substitute assets because such an order does not increase 'the quantum of punishment imposed on a defendant'" [*Id.* (citing *United States v. Wenk*, No. 3:17-cr-85, 2022 WL 17736775, at *3 (E.D. Va. Dec. 16, 2022) (citation omitted and modified))]. Further, the Government maintains that Defendant is not entitled to representation by counsel as a matter of right in a post-conviction matter [*Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987))].

The Criminal Justice Act ("CJA") permits the Court to appoint counsel for criminal defendants "at any stage in the proceedings from [defendant's] initial appearance before the United States magistrate judge . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Unlike Defendant's earlier request for appointment of counsel to assist with the issue of whether the Bluegrass property was properly included as substitute property for purposes of criminal forfeiture, the current posture of this matter does not touch upon any of the criminal aspects of the case. Instead, the current status rests in effectuating the disposal of the Subject Property, and Defendant no longer has standing to challenge the final forfeiture order. *United States v. Petlechkov*, 72 F.4th 699, 705 (6th Cir. 2023) ("Since the preliminary order extinguishes the defendant's interest in the forfeited property, the defendant typically lacks standing to challenge the final forfeiture order. That's because standing requires an injury." (citation omitted)). Once the final forfeiture order was entered, Defendant had no remaining interest in the Subject Property.[6] *Id.* (citing *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020)). Given that Defendant's criminal case has concluded, the current post-conviction disposal phase concerning the Subject Property is outside the scope of the guaranteed constitutional right to counsel. *See Wenk,* 2022 WL 17736775 at *3. And even if a limited circumstance existed to appoint counsel, Defendant has not established standing to contest the disposal of the forfeited Subject Property.[7]

---

[6] The Government acknowledges that it gave Defendant an opportunity to fashion a sale of the Subject Property, noting that "sometimes there are cost savings associated with allowing the defendant to sell a property instead of turning it over to a federal agency property contractor to dispose of the property" [Doc. 83 p. 3].

[7] In finding that Defendant is not entitled to appointment of counsel, the Court need not address the matter of whether Defendant has demonstrated requisite indigency.

Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant Clarence McDowell's pro se requests seeking the appointment of counsel [Doc. 82; No. 3:15-CR-90, Doc. 55] be **DENIED**.[8] The Clerk of Court is **DIRECTED** to provide a copy of this Report and Recommendation to Defendant via the email address included in his pro se filing [Doc. 82 p. 3].

Respectfully submitted:

Debra C. Poplin
United States Magistrate Judge

---

[8] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).